**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

FILED
SCRANTON

MAY 1 2 2014

PER _____

DEPUTY CLERK

| | | |
|---|---|---|
| PETER BROWN, | : | |
| Plaintiff | : | |
| | : | CIVIL NO. 3:14-CV-588 |
| v. | : | |
| | : | (JUDGE NEALON) |
| PEORI,[1] | : | (MAGISTRATE JUDGE BLEWITT) |
| Defendant | : | |

## MEMORANDUM

On March 28, 2014, Plaintiff, Peter Brown, an inmate formerly confined at

the United States Penitentiary in Lewisburg, Pennsylvania, filed a Bivens[2] action

pursuant to 28 U.S.C. § 1331 and a motion for leave to proceed in forma pauperis.

(Docs. 1, 2). Plaintiff alleges that on January 31, 2011, he submitted an inmate

request to health services to be placed on a no fish diet and to be tested for

allergies. (Doc. 1). He claims that Defendant, Physicians Assistant Peoria, denied

his request for testing and recommended that he not eat fish. (Id.). Plaintiff

alleges that he was not allowed to eat a nutritionally adequate meal every Tuesday

---

[1]The docket sheet lists Defendant as "Peori" but the complaint spells
Defendant's name "Peoria."

[2]Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403
U.S. 388 (1971). A Bivens-type action is "a judicially created remedy allowing
individuals to seek damages for unconstitutional conduct by federal officials."
See Banks v. Roberts, 251 Fed. Appx. 774, 775 n.1 (3d Cir. 2007).

and Friday from February 1, 2011, to April 24, 2012. (Id.). On April 17, 2014,

Magistrate Judge Thomas M. Blewitt screened the complaint and issued a Report

and Recommendation ("R&R") concluding that the complaint should be dismissed

without prejudice for failure to state an Eighth Amendment claim, but with leave

to amend. (Doc. 4, p. 9). Plaintiff did not file objections. For the reasons set forth

below, the R&R will be adopted.

## Standard of Review

When neither party objects to a magistrate judge's report and

recommendation, the district court is not statutorily required to review the report,

under de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 152 (1985);

28 U.S.C. § 636(b)(1)(C).  Nevertheless, the Third Circuit Court of Appeals has

held that it is better practice to afford some level of review to dispositive legal

issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir.

1987), writ denied, 484 U.S. 837 (1987); Garcia v. I.N.S., 733 F. Supp. 1554,

1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the

record for plain error or manifest injustice").  In the absence of objections, review

may properly be limited to ascertaining whether there is clear error that not only

affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or

public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377

(M.D. Pa. 1998) (Vanaskie, J.).  The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report.  28 U.S.C. § 636(b)(1)(C); M.D. Pa. L.R. 72.3.

In the absence of objections, this Court will review the instant action for plain error.

## Discussion

Magistrate Judge Blewitt thoroughly explains the court's screening obligations and the standards of review.  (Doc. 4, pp. 2-5).  The R&R outlines the requirement that each defendant be personally involved in the alleged constitutional deprivation, and discusses the two requirements a plaintiff must meet to state an Eighth Amendment claim.  (Doc. 4, pp. 6-9).  The Magistrate Judge concludes:

> Plaintiff has not stated sufficient facts for the Court to conclude that his Eighth Amendment conditions of confinement claims should proceed because he has failed to allege: (1) that the deprivation alleged was objectively, sufficiently serious; and (2) that any Defendant acted with deliberate indifference to an excessive risk to his health and/or safety as required by Farmer.

(Id. at p. 9) (citing Farmer v. Brennan, 511 U.S. 825, 837 (1994)).  Magistrate Judge Blewitt recommends that the complaint be dismissed without prejudice.  (Id. at pp. 9-10), citing Alston v. Parker, 363 F.3d 229, 235-36 (3d Cir. 2004) (holding

3

that a court must first allow a plaintiff leave to amend unless it finds bad faith, undue delay, prejudice, or futility).

After review, and in the absence of objections, this Court finds no error in the R&R and it will be adopted.

As recommended, the complaint will be dismissed without prejudice. Accordingly, Plaintiff will be afforded an opportunity to file an amended complaint to sufficiently plead an Eighth Amendment claim. He is advised that the "amended complaint must be complete in all respects." Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992) (Conaboy, J.). It must be a new pleading which stands by itself without reference to the original complaint. Id. The amended complaint "may not contain conclusory allegations[; r]ather, it must establish the existence of specific actions by the defendants which have resulted in constitutional deprivations." Id. (citing Rizzo v. Goode, 423 U.S. 362 (1976)). "The amended complaint must also be 'simple, concise, and direct' as required by the Federal Rules of Civil Procedure." Id. (citing FED. R. CIV. P. 8(e)(1)). "The allegations should be specific as to time and place, and should identify the specific person or persons responsible for the deprivation of his constitutional rights and what each individual did that led to deprivation of his rights." Williams v. Pa. Dep't of Corr., 2013 U.S. Dist. LEXIS 88367, *18 (M.D. Pa. 2013) (Caputo, J.)

4

(citing <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 676 (2009)).

This action will be remanded to Magistrate Judge Blewitt for further

proceedings.  A separate Order will be issued.

Date: May 12, 2014                                United States District Judge